IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01714-BNB-KLM

RICHARD HENDERSON,

Plaintiff,

v.

BENCHMARK STRATEGY, LLC,

Defendant.

_____

## ORDER

_____

This matter arises on **Defendant's Motion for Summary Judgment** [Doc. # 51, filed 11/30/2010] (the "Motion for Summary Judgment"), which is GRANTED.

## I.  BACKGROUND

Richard Henderson, an individual, commenced this action by filing a complaint on July 20, 2009.  The Complaint alleges that "[o]n February 9th, 2009, defendant and plaintiff entered into a written agreement" which, it is further alleged, the defendant breached.  Complaint [Doc. # 1] at ¶¶ 2 and 4.  A copy of the written agreement is attached as Exhibit A to the Complaint.

On October 8, 2010, I entered an Order to Show Cause [Doc. # 45] stating in part:

> The plaintiff, **Richard Henderson**, acting *pro se*, commenced this action on July 20, 2009, by filing a Complaint [Doc. # 1].  The Complaint asserts a single cause of action for breach of contract.  Id.  A copy of the Contract is attached as Exhibit A to the Complaint, and another copy is attached as Exhibit A-3 to the Motion for Summary Judgment [Doc. # 37-3].  The plaintiff, however, is not a party to the contract.  The contract is "by and between **Richard Henderson Esquire, LLP, a limited**

**partnership**, . . . and Benchmark Strategy Group, LLC. . . ."
(Emphasis added.)

This raises the issue, not addressed by the parties, of the plaintiff's standing to assert the rights of the limited partnership. Generally speaking, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 474 (1982); Fritchey v. Immigration & Naturalization Service, 43 F.3d 1482 *1 (Dec. 21, 1994)(unpublished). Thus, Mr. Henderson cannot rest his claim for relief on the rights of Richard Henderson Esquire, LLP.

I ordered the plaintiff to show cause why the Complaint should not be dismissed for lack of standing and/or failure to comply with the requirement that an entity appear only by counsel admitted to the bar of this court.

On October 22, 2010, the plaintiff filed his response to the Order to Show Cause. Response [Doc. # 46]. In it, he admitted that "no partnership or legal entity named or doing business as 'Richard Henderson, LLP' exists or provided any services to Benchmark." Id.

On November 4, 2010, I held a status conference. I denied without prejudice the defendant's second motion for summary judgment, and I allowed the parties to file dispositive motions which discussed all potential bases for summary judgment, including those raised by the plaintiff's response to the Order to Show Cause.

## II.  STANDARD OF REVIEW

Mr. Henderson is proceeding *pro se*. Generally, the pleadings of a *pro se* litigant are liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, Mr. Henderson is an attorney. Deposition of Richard Henderson [Doc. # 51-1] at 8:17-18; 9:6-24; 13:6-20; 17:1-25; 18:1-25; 19:13-22; 20:11-19; Plaintiff's Response Opposing Defendant's Motion for

Summary Judgment [Doc. #54] (the "Response") p. 11.  Therefore, his pleadings are not accorded a liberal construction.  Smith v. Plati, 258 F.3d 1167, 1174 (10th Cir. 2001).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion, and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence.  Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970).  Summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial."  Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial.  Celotex, 477 U.S. at 324.  Only admissible evidence may be considered when ruling on a motion for summary judgment.  World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

III.   UNDISPUTED MATERIAL FACTS

Most of Mr. Henderson's factual assertions in opposition to the Motion for Summary Judgment are stated without any citation to supporting evidence or with citations that do not support the statements.  I do not consider factual statements that are not properly supported by evidence.  "A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."  Fed. R. Civ. P. 56(c)(1)(A).  "The court need consider only the cited materials . . . ."  Fed. R. Civ. P. 56(c)(3).  Moreover, it is not a judicial function to search through Mr. Henderson's exhibits for evidence supporting a particular fact.  See Gross v. Burggraf Construction Co., 53 F.3d 1531, 1546 (10th Cir. 1995).  Mr. Henderson must provide concise arguments and specific citations to authorities and supporting evidence.  Toth v. Gates Rubber Co., 2000 WL 796068, *8 (10th Cir. 2000).

In addition, Mr. Henderson states that he does not possess a copy of his deposition transcript; Benchmark attached to its Motion only the portions of the transcript that it cited; and Benchmark should be required to provide the court with the entire deposition transcript.  Response [Doc. # 54] at p. 2 n.1.  To the contrary, the local rules of this court discourage voluminous exhibits and expressly limit exhibits to "essential portions of documents."  D.C.COLO.LCivR 56.1C.  Mr. Henderson must obtain a copy of his deposition and attach to his Response those portions which he deems necessary to clarify issues or create material factual disputes.

The record contains the following undisputed material facts:

1.  Benchmark is a Colorado limited liability company with its principal place of business in Boulder, Colorado.  Doug Rooney is the founder and sole member of Benchmark.  Benchmark provides operations and management consulting services to businesses.  Affidavit of Doug

4

Rooney [Doc. # 51-2] (the "Rooney Aff."] at ¶ 1.

2.  In February 2009, Benchmark obtained a contract to review purchased goods and services for MonierLifeTile LLC (the "MLT Contract").  Pursuant to the MLT Contract, Benchmark agreed to conduct a detailed review of MLT's purchased goods and services and provide a structured process to rapidly reduce MLT's costs.  Substantially all of Benchmark's compensation under the MLT Contract was contingent on the timely delivery of cost reductions. Id. at ¶ 2.

3.  Prior to executing the MLT Contract, as part of a separate two week diagnostic project, Benchmark "hired and paid Richard Henderson Esquire, LLP" ("Henderson LLP") to "research and evaluate potential savings related to MLT's purchased goods and services." Id. at ¶ 3 and Attachment B-1.[1]  As a part of this earlier project, Henderson LLP was hired to assess the work to be performed under the MLT Contract and provide to Benchmark addressable MLT purchasing subcategories, savings estimates for those subcategories, estimates for staffing levels, man-hours required, and timelines required to conduct the necessary sourcing events.  Mr. Henderson did this work in January 2009, and the work product provided to Benchmark specifically identified the deliverables and deadlines for the performance of the MLT Contract. Benchmark then planned and negotiated the MLT Contract.  Rooney Aff. [Doc. # 51-2] at ¶ 3. Benchmark paid Henderson LLP $14,175.30 for this work, which was a separate engagement and not the contract at issue in this suit.  Id. at ¶ 3 and Attachment B-1.

4.  On February 9, 2009, Benchmark and Henderson LLP entered into the Consulting

---

[1]As noted below, Henderson LLP was never formed.  Contracts were purported to be formed with Henderson LLP and work was purported to be performed by Henderson LLP.

Contract at issue in this case whereby Henderson LLP was to perform services as the lead

purchasing consultant for Benchmark's performance of the MLT Contract.  Id. at ¶ 4.

5.   Throughout its existence, Benchmark has maintained a policy of contracting only

with entities and not with individuals when engaging consulting services.  This policy was a

material consideration for Benchmark in entering into the Consulting Contract with Henderson

LLP, and not with Mr. Henderson individually, to avoid a situation where employment taxes or

insurance obligations could attach.  Benchmark communicated this policy to Mr. Henderson in

January 2009, prior to the execution of the Consulting Contract.  Benchmark engaged six

subcontractors on the MLT project, all of which were entities.  Id.

6.   No partnership or legal entity named or doing business as Richard Henderson

Esquire, LLP, exists or provided any services to Benchmark.  Affidavit of Richard Henderson

[Doc. #46-1].

7.   Prior to Mr. Henderson's Response to the Order to Show Cause [Doc. # 46, filed

10/22/2010], Mr. Henderson did not disclose to Benchmark that Henderson LLP did not exist,

and he did not provide any indication to Benchmark that he had not formed the LLP.  Though it

was clear to Mr. Rooney that Mr. Henderson would be the person who provided the services on

behalf of Henderson LLP, it was essential to Benchmark that the services be provided through

the LLP.  Rooney Aff. [Doc. # 51-2] at ¶ 4.

## IV.   ANALYSIS

The Complaint asserts a single claim for relief for breach of the Consulting Contract.  It

is undisputed that the Consulting Contract was putatively entered into by Benchmark and

Henderson LLP, with Mr. Henderson acting as the agent of Henderson LLP.  It is also

undisputed that Henderson LLP is not now and never has been properly formed as a partnership under any state's law.

In Colorado, a limited partnership is formed only after a certificate of limited partnership is delivered to the secretary of state for filing.  Sections 7-62-201 and 7-90-301 et seq., C.R.S. Thereafter, a limited partnership may conduct any business that a partnership may conduct, except as otherwise prohibited by law.  Section 7-62-106, C.R.S.  A Colorado partnership "is an entity distinct from its partners," section 7-64-201, C.R.S., and "[p]roperty acquired by a partnership is property of the partnership and not of the partners individually."  Section 7-64-203, C.R.S.

A partnership, properly formed, is authorized under Colorado law to conduct its business and carry on its operations.  Section 7-60-154(1), C.R.S.  Conversely, where as here Henderson LLP was not properly formed, it must lack authority to conduct business, including the capacity to contract.  "Where one party lacks capacity to contract, no contract is formed."  Ellipso, Inc. v. Mann, 2006 WL 1126814 at *1 (D.D.C. April 27, 2006)(citing Restatement (Second) of Contracts, § 12(1)).  Thus, there is no legally enforceable contract between Henderson LLP and Benchmark.

In addition, Mr. Henderson is not a party to the Consulting Contract and is not the real party in interest to assert the rights (if any) of Henderson LLP.  As the Tenth Circuit Court of Appeals stated in RMA Ventures California v. SunAmerica Life Ins. Co., 576 F.3d 1070, 1073 (10th Cir. 2009), "[a] well-founded prudential-standing limitation is that litigants cannot sue in federal court to enforce the rights of others."

Rule 17(a)(3), Fed. R. Civ. P., provides that "[t]he court may not dismiss an action for

failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  Here, the real party in interest objection has been known at least since my Order to Show Cause was entered on October 8, 2010.  Since then, no effort has been made to substitute Henderson LLP as the real party in interest, nor would such an attempt be successful in view of the fact that Henderson LLP is not now, and never has been, a properly formed legal entity.  No further delay is necessary or appropriate.  See Wilson v. Tucker, 2011 WL 43089 at *3 (N.D. Okla. Jan. 5, 2011).

Mr. Henderson argues in opposition to summary judgment that he is a real party in interest because he is "one who is directly benefitted or injured by the outcome of the case." Response [Doc. # 54] at p. 4.  Under Colorado law, to the contrary:

> A person not a party to a contract cannot . . . seek relief for violation of its terms unless the parties entered into the contract with the intention of directly benefitting the nonparty. Additionally, the intent to create a third-party beneficiary must be apparent from the terms of the contract or the surrounding circumstances.

Winter Park Real Estate and Investments, Inc. v. Anderson, 160 P.3d 399, 406 (Colo. App. 2007).  Here, the intent to benefit Mr. Henderson is not apparent from the terms of the Consulting Contract, and there is no other evidence that he is an intended third-party beneficiary of the Consulting Contract were it enforceable, which it is not.

I find that the Consulting Contract is unenforceable because one of the parties to it, Henderson LLP, was never properly formed and lacked the capacity to enter into an enforceable contract.  In addition, Mr. Henderson is not a real party in interest to assert the contractual rights (if any) of Henderson LLP.

IT IS ORDERED:

(1)      The Motion for Summary Judgment [Doc. # 51] is GRANTED.  At the

conclusion of the case, judgment shall enter in favor of the defendant and against the plaintiff on

the plaintiff's claim.

(2)      A status conference is set for **September 8, 2011, at 1:30 p.m.**, in Courtroom

401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado, to

address the viability of Benchmark's counterclaim.

Dated August 16, 2011.

                                        BY THE COURT:

                                         s/ Boyd N. Boland                           
                                        United States Magistrate Judge